# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

RICHARD ANTHONY MCKENZIE,

      Plaintiff,

vs.                                      No. CIV 15-0130 JB/WPL
                                                 CR 08-1669 JB

UNITED STATES OF AMERICA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion, filed February 13, 2015 (Doc. 1). In its previous order, the Court construed the Motion as a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255.   Plaintiff Richard McKenzie alleges six instances of ineffective assistance by his attorney and contends that his resulting sentence violates his constitutional right to assistance of counsel.   The Court ordered McKenzie to show cause why the Court should not dismiss his Motion as untimely, see Memorandum Opinion and Order to Show Cause, filed March 12, 2015 (Doc. 4)("Order"), and McKenzie filed a response to the order, see Motion to Show Cause Why § 2255 Should Be Timely, filed April 13, 2015 (Doc. 5)("Response").

As noted in the Order, McKenzie's § 2255 motion faces the initial hurdle of the statute's one-year limitations period.   See 28 U.S.C. § 2255(f).   On January 31, 2013, the Court entered judgment on McKenzie's conviction, see Judgment, filed January 21, 2013 (Doc. 191), and on August 12, 2013, the United States Court of Appeals for the Tenth Circuit affirmed the judgment. See United States v. McKenzie, 532 F. App'x 793, 797 (10th Cir. 2013).   On September 11, 2013, the Court of Appeals denied McKenzie's petition for panel rehearing.   See United States v. McKenzie, No. 13-2018, slip ord. (10th Cir. Sept. 11, 2013).   His conviction thus became final

ninety days later, in mid-December, 2013, when the time for filing a petition for writ of certiorari expired.  See United States v. Hurst, 322 F.3d 1256, 1262 (10th Cir. 2003).  McKenzie filed the Motion approximately fourteen months later on February 13, 2015.

The limitations provisions in § 2255 establish four alternative accrual dates for the one-year period.  See 28 U.S.C. § 2255(f)(1-4).  McKenzie does not assert that the limitations period accrued under the three alternative provisions in § 2255(f)(2), (3), or (4), and thus the running of the limitations period began when his conviction became final.  See 28 U.S.C. § 2255(f)(1).  The one-year period had expired when McKenzie filed his § 2255 motion in 2015, see United States v. Burch, 202 F.3d 1274, 1279 (10th Cir. 2000), and his Motion, therefore, must be dismissed unless he establishes grounds for tolling, see United States v. Cordova, No. 99-1306, 1999 WL 1136759, at *1 (10th Cir. Dec. 13, 1999)(unpublished).  "The limitations period in § 2255(f) is subject to equitable tolling for various reasons."  Robinson v. Ledezma, 399 F. App'x 329, 330 (10th Cir. 2010)(unpublished)(citing United States v. Gabaldon, 522 F.3d 1121, 1124 (10th Cir. 2008)).

In his Response to the Order, McKenzie asserts three reasons why his § 2255 motion should be considered timely.  He alleges that he attempted to file his motion while his direct appeal was pending, see Response at 1-2, made numerous requests for copies of transcripts and other Court documents, see Response at 2, and was unaware that he could not simply wait for an anticipated state court ruling on a prior conviction, see Response at 2.  First, McKenzie's purported attempts to file a § 2255 motion during the pendency of his appeal consisted of two letters, see Letter from Richard McKenzie to District Clerk K'Aun Wild, filed October 26, 2012 (dated Oct. 11, 2012)(Doc. 190); Letter from Richard McKenzie to Courtroom Clerk K'Aun Wild, filed March 7, 2013 (dated Mar. 4, 2013)(Doc. 198), requesting appointment of counsel to assist

him in filing a § 2255 motion.   Even construing these letters as pre-filing motions for appointment of counsel, the Court notes that this relief is generally not available, <u>see</u> <u>McFarland v. Scott</u>, 512 U.S. 849, 857 n.3 (1994), and the motions do not initiate a § 2255 proceeding, <u>see</u> <u>Moore v. Gibson</u>, 195 F.3d 1152, 1163 (10th Cir. 1999)(quoting <u>Williams v. Coyle</u>, 167 F.3d 1036, 1040 (6th Cir. 1999)).   McKenzie's letters during the pendency of his appeal do not support a finding of diligence in attempting to obtain relief under § 2255.

Second, McKenzie asserts that his requests for copies of transcripts and documents also demonstrated his diligence.   To the contrary, the Tenth Circuit has specifically denied tolling for inability to obtain transcripts, <u>see</u> <u>Washington v. United States</u>, No. 99-3383, 2000 WL 985885, at *2 (10th Cir. July 18, 2000)(unpublished), and for lack of access to legal materials, <u>see</u> <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998).   As the Court noted, "Congress has expressly limited the time in which a prisoner can bring a § 2255 motion to one year after his conviction becomes final, and any extension of this time period contravenes Congress's clear intent to accelerate the federal habeas process."   <u>Washington v. United States</u>, 2000 WL 985885, at *2.   McKenzie's requests for transcripts do not support a finding of diligence in attempting to obtain relief under § 2255.

Third, McKenzie alleges that he was unaware that the pendency of his state court motion challenging the constitutionality of a prior conviction did not extend the § 2255 time limit. Initially, of course, "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."   <u>Fisher v. Johnson</u>, 174 F.3d 710, 714 (5th Cir. 1999), <u>quoted in</u> <u>Marsh v. Soares</u>, 223 F.3d 1217, 1220 (10th Cir. 2000).   More important, however, McKenzie's asserted anticipation of a state court's vacatur of a prior conviction provides no basis for tolling or re-starting the accrual date of the one-year limitations period.   "We hold that [under § 2255(f)(4)]

- 3 -

the period begins when a petitioner receives notice of the order vacating the prior conviction."

Johnson v. United States, 544 U.S. 295, 298 (2005).   The issue here is not whether McKenzie was

diligent; his response simply makes no allegation that the referenced state court conviction was in

fact vacated, and thus, under Johnson v. United States, the original accrual date remained effective

against his Motion.   McKenzie is not entitled to relief under § 2255, and the Court will dismiss his

motion with prejudice.

Furthermore, under rule 11(a) of the Rules Governing Section 2255 Cases, the Court

determines that McKenzie has failed to make a substantial showing of denial of a constitutional

right.   The Court will therefore deny a certificate of appealability.

**IT IS ORDERED** that: (i) the Motion, filed February 13, 2015 (Doc. 1), is denied; (ii) the

Motion and Affidavit for Permission to Appeal in Forma Pauperis, filed February 13, 2015

(Doc. 2), is denied as moot; and (iii) a certificate of appealability is denied.

_____
UNITED STATES DISTRICT JUDGE

*Party*:

Richard Anthony McKenzie
Fort Dix Correctional Institution
Fort Dix, New Jersey

    *Plaintiff pro se*